**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID S. BRAUN,

                Plaintiff,

v.

UNITED STATES POSTAL SERVICE
*et al.*,

                Defendants.

No. 18-cv-2914 (EGS)

## MEMORANDUM OPINION

Pending before the Court is Defendant the United States Postal Services' ("USPS") Motion for Summary Judgment on Mr. Braun's remaining claims brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] Upon careful consideration of the motion, response and reply thereto, and for the reasons explained below, the Court **GRANTS** the USPS's Motion for Summary Judgment.

---

[1] In the Court's March 24, 2020 Memorandum Opinion and Order, the Court granted Defendants' Motion to Dismiss Part of the Complaint. In doing so, the Court determined, among other things, that it lacked subject matter jurisdiction over Mr. Braun's Privacy Act Claim against the Federal Bureau of Investigation. *See* Mem. Op. and Order, ECF No. 23 at 9-10. Accordingly, the remaining defendant in this case is the USPS and the Court need not address its arguments regarding Mr. Braun's Privacy Act Claim. *See* Mot. for Summ. J., ECF No. 27-1 at 24-27.

## I.    Background

The following facts are not in dispute.[2] On July 26, 2018, Mr.
Braun submitted a records request to the USPS Office of
Inspector General ("OIG"). Def.'s Statement of Material Facts
("SOF"), ECF No. 27-2 ¶ 1. The records requested were: (1) all
records produced from contacts to the OIG from my previous
record request of May of 2015; and (2) complaints made on or
about five specific dates. *Id*. ¶¶ 2-3.

USPS OIG (hereinafter "the Agency") "construed the request
to be seeking all records generated in response to allegations
received from [Mr. Braun] after a FOIA request that [he] had
previously filed in May 2015." *Id*. ¶ 5. As such complaints are
handled by the USPS OIG's Office of Investigations, the Agency
searched its electronic investigation files, which are stored in
the Case Reporting, Investigations, Management, and Evidence
System ("CRIMES") database. *Id*. ¶¶ 6-7.

The Agency conducted the searches, *id*. ¶¶ 6-16; and in
August 2018, released to Mr. Braun: (1) 266 pages in full; (2)

---

[2] Mr. Braun did not comply with the requirement in the Court's
Standing Order Governing Civil Cases to provide a Counter-
Statement of Disputed Facts. *See* Resp. to Mot. for Summ. J., ECF
No. 28. Accordingly, the Court directed Mr. Braun to comply with
that requirement. *See* Min. Order (July 16, 2021). In response,
Mr. Braun filed a "Statement of Material Facts Not in Dispute"
that fails to respond to any of the facts set forth in
Defendant's Statement of Material Facts. *See* ECF No. 32.
Furthermore, the facts are unrelated to the motion pending
before the Court. *See id.*

three (3) pages with redactions pursuant to FOIA Exemptions b(5)
and (b)(7)(C); and (3) 50 pages with redactions pursuant to FOIA
Exemption (b)(7)(C), *id*. ¶¶ 18, 20. On September 1, 2018, Mr.
Braun filed an administrative appeal of the Agency's final
response and that appeal was denied on October 4, 2018. *Id*. ¶
21, 23. Thereafter, in September 2018, the Agency issued a
supplemental production. *Id*. ¶ 24. The supplemental production
included: (1) 309 pages; and (2) the same three pages with
redactions pursuant to Exemption 7(C) that had been released in
August 2018. *Id*. ¶ 26. The redactions that had been previously
applied pursuant to Exemptions 5 and 7(C) were removed and those
53 pages were produced in full. *Id*.

## II.  Legal Standard

FOIA cases are typically and appropriately decided on
motions for summary judgment. *Gold Anti-Trust Action Comm., Inc.
v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123,
130 (D.D.C 2011) (citations omitted). Summary judgment is
warranted "if the movant shows [by affidavit or other admissible
evidence] that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). A party opposing a summary judgment
motion must show that a genuine factual issue exists by "(A)
citing to particular parts of materials in the record . . . or
(B) showing that the materials cited do not establish the

3

absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c).
Any factual assertions in the moving party's affidavits will be
accepted as true unless the opposing party submits his own
affidavits or other documentary evidence contradicting the
assertion. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.
1992). However, "the inferences to be drawn from the underlying
facts . . . must be viewed in the light most favorable to the
party opposing the motion." *Matsushita Elec. Indus. Co. v.
Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation
marks omitted).

An agency has the burden of demonstrating that "each
document that falls within the class requested either has been
produced, is unidentifiable, or is wholly [or partially] exempt
from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d
339, 352 (D.C. Cir. 1978) (internal citation and quotation
omitted). In reviewing a summary judgment motion in the FOIA
context, the court must conduct a *de novo* review of the record,
*see* 5 U.S.C. § 552(a)(4)(B), but may rely on agency
declarations. *See SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200
(D.C. Cir. 1991). Agency affidavits or declarations that are
"relatively detailed and non-conclusory" are accorded "a
presumption of good faith, which cannot be rebutted by purely
speculative claims about the existence and discoverability of
other documents." *Id.* (internal citation and quotation omitted).

"[T]he Court may award summary judgment solely on the basis of
information provided by the department or agency in declarations
when the declarations describe the documents and the
justifications for nondisclosure with reasonably specific
detail, demonstrate that the information withheld logically
falls within the claimed exemption, and are not controverted by
either contrary evidence in the record nor by evidence of agency
bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738
(D.C. Cir. 1981) (internal quotation marks and citation
omitted).

### A.   FOIA Exemptions

Congress enacted FOIA to "open up the workings of
government to public scrutiny through the disclosure of
government records." *Judicial Watch, Inc. v. Dep't of Commerce*
375 F. Supp. 3d 93, 97 (D.D.C. 2019) (quoting *Stern v. FBI*, 737
F.2d 84, 88 (D.C. Cir. 1984) (internal quotation marks and
alterations omitted)). Although the legislation is aimed toward
"open[ness] . . . of government," *id.;* Congress acknowledged
that "legitimate governmental and private interests could be
harmed by release of certain types of information," *Critical
Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871,
872 (D.C. Cir. 1992) (internal quotation marks and citations
omitted). As such, pursuant to FOIA's nine exemptions, an agency

may withhold requested information. 5 U.S.C. § 552(b)(1)-(9).
However, because FOIA established a strong presumption in favor
of disclosure, requested material must be disclosed unless it
falls squarely within one of the exemptions. *See Burka v. U.S.
Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir.
1996).

The agency bears the burden of justifying any withholding. *See
Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 74
(D.D.C. 2007). "Ultimately, an agency's justification for
invoking a FOIA exemption is sufficient if it appears logical or
plausible." *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d
937, 941 (D.C. Cir. 2013) (internal quotation marks omitted).

### III. Analysis

#### A. The Agency Conducted an Adequate Search

To prevail at the summary judgment stage, "the agency must
show that it made a good faith effort to conduct a search for
the requested records, using methods which can be reasonably
expected to produce the information requested." *Oglesby v. U.S.
Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "[T]he
issue to be resolved is not whether there might exist any other
documents possibly responsive to the request, but rather whether
the search for those documents was *adequate*." *Weisberg v. U.S.
Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (emphasis
in original). "The adequacy of the search, in turn, is judged by

a standard of reasonableness and depends, not surprisingly, upon the facts of each case." *Id.* (citation omitted). To meet its burden, an agency may provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citation and internal quotation marks omitted). "If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Here, the Agency has demonstrated that it has met its FOIA obligations by conducting an adequate and reasonable search for responsive records from the CRIMES database. The Agency's two declarations—(1) Sacknowitz Declaration, and (2) Chong Declaration—"explain in reasonable detail the scope and method of the search." *Kidd v. DOJ*, 362 F. Supp. 2d 291, 295 (D.D.C. 2005) (citation and internal quotation marks omitted). For the reasons explained below, the Court is satisfied that the Agency conducted adequate searches for the records.

The records Mr. Braun requested were: (1) all records produced from contacts to the OIG from my previous record request of May of 2015; and (2) complaints made on or around five specific dates. SOF, ECF No. 27-2 ¶¶ 2-3. The Agency

"construed the request to be seeking all records generated in response to allegations received from [Mr. Braun] after a FOIA request that [he] had previously filed in May 2015." Sacknowitz Decl., ECF No. 27-3 ¶ 8. As such complaints are handled by the Agency's Office of Investigations, the Agency searched its electronic investigation files, which are stored CRIMES database. *Id.* The CRIMES database also preserves records of OIG Hotline contacts, which was within the scope of the Agency's search. *Id.* ¶ 9. The database is searchable by datapoints including the name of the complainant and the subject of the complaint. *Id.* Pursuant to Agency Policy, IGM 341, Case Management System and Report Writing, agents are required to upload all documents into the CRIMES database. Chong Decl., ECF No. 27-4 ¶ 6.

The Agency searched the CRIMES database using Mr. Braun's name. Sacknowitz Decl., ECF No. *27-3* ¶ 10. The search resulted in identifying seven case reference numbers under which files related to Mr. Braun were stored. *Id.* ¶ 11. The seven case numbers related to Mr. Braun's request contained 319 pages of documents. *Id.* ¶ 12.

The Agency also conducted a supplemental search. The Agency maintains most of its electronic documents in email "OneDrive" or "Sharepoint" accounts assigned to employees, which the Agency is able to search. Chong Decl., ECF No. 27-4 ¶ 7. In addition to

8

the search of the CRIMES database, the Agency "also conducted an electronic search of data associated with OIG employee names that appeared in the search results from the OIG's initial search of the CRIMES database." *Id.* ¶ 8. In conducting this additional search, the Agency used the search terms: "Braun"; "David Braun"; and "David S. Braun." *Id.* ¶ 9. The Agency determined that the results of the supplemental search of electronic records were not responsive to Mr. Braun's FOIA request. *Id.* ¶ 10.

All 319 pages of documents were disclosed to Mr. Braun. *See* Sacknowitz Decl., ECF No. 27-3 ¶ 18. Initially, 266 pages were released in full and 53 were partially redacted. *Id.* Thereafter, the Agency issued a supplemental production of 309 pages, removing redactions from previously released 53 pages, excluding the same three records with redactions under Exemption 7(C). *See* Chong. Decl., ECF No. 27-2 ¶ 26.

The Agency argues that its "interpretation of [Mr. Braun's] request was reasonable and consistent with the government's obligation 'to construe a FOIA request liberally.'" Mot. for Summ. J., ECF No. 27-1 at 15[3] (citing *Gallace v. USDA*, No. 03-5141, 2003 WL 2231666 at *1 (D.C. Cir. Sept. 30, 2003)). It

---

[3] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

further argues that it "has met its burden of showing that it complied with FOIA by providing 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsible materials (if such records exist) were searched.'" *Id.* (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). The Agency concludes that it has met the applicable standard of reasonableness. *Id.* at 17.

Having "made a *prima facie* showing of adequacy, the burden [then] shifts to plaintiff to provide ... evidence sufficient to raise 'substantial doubt' concerning the adequacy of the agency's search." *Schoenman v. FBI*, 764 F. Supp. 2d 40, 46 (D.D.C. 2011) (quoting *Iturralde v. Comptroller of Currency*, 315 F. 3d 311, 314 (D.C. Cir. 2003) ). Mr. Braun, however, offers no argument to dispute the adequacy of the Agency's search. *See generally*, Response/Opposition to Motion for Summary Judgment, ECF No. 28; Statement of Material Facts Not in Dispute, ECF No. 32. The Court's review of the record does not raise substantial doubt about the adequacy of the Agency's search.

Upon review of the two affidavits, the Court concludes that they are reasonably detailed, they have set forth the type of searches performed and the search terms used, and they have explained why the files that were searched were likely to contain responsive materials. Accordingly, the Court concludes

that the Agency's search is adequate under the standard of reasonableness. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) ("The adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case.") (footnote and internal quotation marks omitted)). For these reasons, the Court **GRANTS** the Agency's Motion for Summary Judgment as to the adequacy of the search.

### B. The Agency's Withholdings of Employee(s)' Name(s) Under FOIA Exemption 7(C) Were Proper

Pursuant to FOIA Exemption 7(C), the Agency withheld the identities of the law enforcement personnel who prepared the reports that were disclosed to Mr. Braun in three pages of the records disclosed. SOF, ECF No. 27-2 ¶ 30.

Exemption 7(C) protects from disclosure records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "[J]udicial review of an asserted Exemption 7 privilege requires a two-part inquiry." *FBI v. Abramson*, 456 U.S. 615, 622 (1982). "[T]o pass the FOIA Exemption 7 threshold, . . . an agency must establish that its investigatory activities are realistically based on a legitimate concern that federal laws have been or may be violated . . . ." *Pratt v. Webster*, 673 F.2d 402, 421 (D.C.

11

Cir. 1982). The USPS OIG is an independent law enforcement and oversight agency for the USPS. 39 C.F.R. § 221.3(a). In addition, "[t]he USPS OIG relies principally on the Special Agents it employs to investigate allegations it receives that USPS employees have violated laws governing the operation of the [USPS]". Chong Decl., ECF No. 27-2 ¶ 31. Mr. Braun does not dispute that the threshold requirement has been met. *See generally*, Response/Opposition to Motion for Summary Judgment, ECF No. 28; Statement of Material Facts Not in Dispute, ECF No. 32. In view of the role of the USPS OIG, the Court concludes that the threshold requirement has been met.

Next, the Agency "must show that release of those records 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" *Prop. of the People v. U.S. Dep't of Justice*, 310 F. Supp. 3d 57, 65-66 (D.D.C. 2018) (quoting 5 U.S.C. § 552(b)(7)(C)). In redacting the identities of the law enforcement personnel who prepared the reports, the Agency "determined that the agent(s) identified in the case summaries maintained a strong privacy interest in their name(s). [The Agency] further determined that public identification of the law enforcement personnel referenced in these investigatory files could subject them to harassment and annoyance in the conduct of their official duties and private lives." Chong Decl., ECF No. 27-4 ¶ 38. The Agency "then considered whether

any public interest would be served by disclosure and, if so, whether any public interest outweighed the individual(s)' recognized privacy interest," *id.* ¶ 39; and "determined that redaction of the name(s) of the [law enforcement personnel] does not impede the ability of the public to ascertain from the redacted documents what the [Agency] did with respect to the allegations it received from Mr. Braun . . .[nor] does [it] reveal the operations and activities of [the Agency] or shed light on the [Agency's] performance its duties," *id*. ¶¶ 24-25. The Agency concluded that there was "no discernible public interest in disclosing the name(s) of the special agents assigned to investigate [Mr. Braun's] allegations and who made the closing decisions." *Id*. ¶ 24.

The Court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). "On the privacy side of the ledger, [Court of Appeals for the District of Columbia Circuit] decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants." *Schrecker v. U. S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (collecting cases). Redaction of the names of federal law enforcement officers and support

personnel under similar circumstances has been routinely upheld. *See, e.g., Pray v. Dep't of Justice*, 902 F. Supp. 1, 3 (D.D.C. 1995), *aff'd in relevant part*, 1996 WL 734142 (D.C. Cir. Nov. 20, 1996); *Lesar v. United States Dep't of Justice*, 636 F. 2d 472, 487 (D.C. Cir. 1980).

To overcome the protections of Exemption 7(C). Mr. Braun "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and that "the information is likely to advance that interest." *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004); *see Blackwell*, 646 F. 3d at 41. Mr. Braun advances no argument regarding whether the exemption was properly invoked. *See generally*, Response/Opposition to Motion for Summary Judgment, ECF No. 28; Statement of Material Facts Not in Dispute, ECF No. 32.

Pursuant to the mandatory authority in this Circuit, the Court concludes that the Agency properly withheld under Exemption 7(C) the identities of the law enforcement personnel in light of the privacy interest the personnel have in nondisclosure of their identities and the lack of a significant public interest in the identities of the personnel. Accordingly, the Court **GRANTS** the Agency's motion for summary judgment as to Exemption 7(C).

### C. USPS OIG Produced All Reasonable Segregable Information

Under FOIA, "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)." *Roth v. U.S. Dep't of Justice*, 642 F. 3d 1161, 1167 (D.C. Cir. 2001) (internal quotation marks and citation omitted). "[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F. 2d 242, 260 (D.C. Cir. 1977)). Thus, an agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." *Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (internal quotation marks and citation omitted). However, "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" from the requester. *Sussman v. U.S. Marshals Serv.*, 494 F. 3d 1106, 1117 (D.C. Cir. 2007).

The record establishes that the only information that has been redacted are the identities of law enforcement personnel.

Accordingly, the Court concludes that the Agency has satisfied its segregability obligations under FOIA.

**IV.  Conclusion**

For the reasons stated above, it is hereby

**ORDERED** that the USPS's Motion for Summary Judgment, ECF No. 27, is **GRANTED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**SIGNED:    Emmet G. Sullivan**
**United States District Judge**
**March 1, 2022**